THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BARBARA WINBORNE                                                                           PLAINTIFF

V.                                                                          CIVIL ACTION NO. 1:07CV157-B-D

SUNSHINE HEALTH CARE, INC.                                                          DEFENDANTS

### ORDER GRANTING ATTORNEYS' FEES

This cause comes before the court upon the plaintiff's motion for attorneys' fees. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

### Background

On July 2, 2007, the plaintiff, Barbara Winborne, filed this case against her former employer, defendant Sunshine Health Care, Inc., alleging that the defendant terminated her employment in violation of the Americans with Disabilities Act. The defendant's motion for summary judgment was denied, and the case went to trial on January 20, 2009. The jury returned a verdict for the plaintiff and awarded her $10,000.00 in damages. The plaintiff subsequently filed her motion for attorneys' fees which is presently before the court.

### Motion for Attorneys' Fees

The Americans with Disabilities Act authorizes the recovery of attorneys' fees and expenses by a prevailing party. *See* 42 U.S.C. § 12205. The statute places the decision to award attorneys' fees within the court's discretion, and such an award is by no means guaranteed.

The plaintiff seeks $65,756.50 in attorney's fees and $5,903.44 in expenses for a total of $71,659.94. The defendant requests that the court reduce the fees and expenses "for those hours

which were excessive, redundant, unnecessary, or inadequately documented." The defendant also argues that the hourly rates claimed by the plaintiff's attorneys are unreasonable for the work performed. According to the defendant, the fee request should be reduced to $4,494.00 plus reasonable expenses for a total of $11,068.86.

In determining attorneys' fees, the court first "calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The court must then consider "whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Id.* at 1047. In making such an adjustment to the lodestar, the court considers twelve factors known as the *Johnson* factors originating in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (*abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)). The *Johnson* factors are

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Migis*, 135 F.3d at 1047. Further, this court has previously held that "[h]ours which 'are excessive, redundant, or otherwise unnecessary' are not hours 'reasonably expended' and should be excluded from calculation." *Herdahl v. Pontotoc County Sch. Dist.*, 964 F. Supp. 1113, 1115 (N.D. Miss. 1997) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). With these guidelines in mind, the court now turns to the *Johnson* factors.

*1. Time and Labor Required.*

The plaintiff carries the burden of proof to show that the number of hours expended is reasonable. *Hensley*, 461 U.S. at 437. The Fifth Circuit has deemed "woefully inadequate" billing records which contain such listings as "'library research,' 'analyzing documents,' 'reading background documents,' 'phone interviews,' with no further explanation." *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761, 773 (5th Cir. 1996). The court finds that, while the attorneys' billing records may not be as detailed as they should be, they nevertheless rise above what the Fifth Circuit has deemed "woefully inadequate." The court will not, therefore, make a general reduction based solely on inadequate billing records. Ultimately, however, the attorneys' vagueness in their billing records will contribute to a reduction of the lodestar, as outlined below.

The court does find a reduction of hours necessary in this case. First, the court finds that the hours related to the plaintiff's state law tort claims should be stricken. The plaintiff initially pursued state law claims against the defendant in state court. The plaintiff then filed her ADA complaint in this court on July 2, 2007, and subsequently amended it to include those state law claims. After the defendant filed a motion for summary judgment as to all claims, the plaintiff conceded her state law claims. The time spent pursuing state law claims is non-compensable. *See, e.g., Simi Inv. Co. v. Harris County, Texas*, 236 F.3d 240, 255 (5th Cir. 2000) (holding that attorneys' fees resulting from state court litigation that does not seek to enforce federal constitutional rights are not attorneys' fees contemplated by § 1988). As the defendant notes, the plaintiff's billing records show the plaintiff seeking compensation for 33.70 hours and $3667.00 in fees expended prior to the filing of her federal lawsuit, of which only 4.3 hours totaling

3

$508.00 in fees were arguably related to the federal claim. Allowing the 4.3 hours, the court finds that $3159.00 should be deducted from the lodestar. The court must also consider the hours expended on the unsuccessful state law claims *after* the federal suit was filed and prior to the plaintiff's concession of those claims. Unfortunately, the attorneys' billing records are too vague to distinguish between hours expended on state and federal claims. It is appropriate under such circumstances to reduce the lodestar by a certain percentage. *See Fryar v. City of Ripley*, 1999 WL 33537169 (N.D. Miss. 1999). The defendant urges the court to make an eighty percent reduction. The court finds such a reduction excessive under the facts of this case but will make an appropriate reduction after considering all of the *Johnson* factors.

The record reflects some duplication of effort between attorneys Cooke and Moffett and their paralegals during the federal litigation. For instance, both attorneys spent approximately the same number of hours in trial preparation and attendance at trial even though attorney Moffett questioned only one witness and presented the rebuttal during closing arguments. This court noted in *Herdahl* that such duplicative effort is non-compensable but declined to determine which attorney's effort was extraneous and instead reduced the lodestar by a percentage to account for the duplication. *Herdahl*, 964 F. Supp. at 1119. The court will do so here as well. The court also finds communications between Cooke and Moffett non-compensable as unnecessary and duplicative. The plaintiff's billing entries record a total of 78.40 hours dedicated to such conferences for a total of $10,335.00 in fees. This amount will be deducted from the lodestar in addition to the percentage for other duplicative effort.

The court finds that many of the billing entries represent work that is secretarial or clerical in nature and are non-compensable as such. The defendant estimates these entries total

4

16.20 hours and $1627.00 in fees. The court adopts this figure and will deduct this amount from the lodestar.

2. *Novelty and Difficulty of the Questions Presented.*

The court finds that the basic legal principles involved in this litigation are fairly well-settled. This was a straightforward employment discrimination case involving a two and a half day trial and seven witnesses. This factor does not warrant an upward enhancement of the lodestar in this case.

3. *Skill Required to Perform the Legal Services Properly.*

While this case may have required specialized skill, the court has already considered this factor in determining the appropriate hourly rate. An upward enhancement of the lodestar is therefore not warranted.

4. *The Preclusion of Other Employment.*

The plaintiff concedes that this factor is inapplicable.

5. *The Customary Fee.*

This factor is subsumed in the lodestar amount as the hourly rate and therefore cannot be the basis for upward enhancement of the lodestar. The court has been persuaded by the plaintiff's argument that the appropriate hourly rate is $200.00. The cases cited by the defendant in support of a lower fee are rather dated, and the court finds it appropriate to authorize an increased rate to reflect more adequately the current rates for the type of representation given in the present case. The court is also satisfied with the rates proposed by the plaintiff for support staff.

5

6. *Whether the Fee is Fixed or Contingent.*

The Fifth Circuit has stated that "we now hold that the contingent nature of the case cannot serve as a basis for enhancement of attorneys' fees." *Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993).

7. *Time Limitations Imposed by the Client or Circumstances.*

The court finds that this factor does not warrant an adjustment to the lodestar.

8. *The Amount Involved and the Result Obtained.*

The plaintiff was unsuccessful on a number of her claims. She initially requested $127,000.00 in compensatory damages, $73,711.00 in back pay, and $250,000.00 in punitive damages. The jury awarded only $10,000.00. The plaintiff now seeks attorneys' fees and expenses in the amount of $71,659.94 – a figure more than seven times her recovery. The court finds this gap too expansive and will reduce the lodestar by a percentage to be set forth below.

9. *The Experience, Reputation, and Ability of the Attorneys.*

The court has already considered this factor in determining the appropriate hourly rates.

10. *The Undesirability of the Case.*

The parties agree that this factor is inapplicable.

11. *The Nature and Length of the Professional Relationship with the Client.*

The court finds that this factor does not warrant adjustment of the lodestar.

12. *Awards in Similar Cases.*

This factor has already been considered by the court in determining the appropriate hourly rate as discussed hereinabove.

Application of *Johnson* Factors

As mentioned above, the plaintiff seeks $65,756.50 in attorneys' fees representing 406.1 billable hours. In accordance with the foregoing analysis, the court finds that the hours should be reduced by 29.4 hours for work related to the plaintiff's state court claims,[1] by 50.0 hours for duplication of effort, by 78.4 hours for unnecessary conferences, and by 16.2 hours for clerical work. The court also finds that the attorneys' hourly rate for travel time should be reduced by fifty percent from $150.00 per hour to $75.00 per hour.[2] After these adjustments, the fee award comes to $40,955.50. The court further finds that a fifty percent reduction is in order due to hours expended on unsuccessful state law claims, duplication of effort, and the significant gap between the amount involved and the result obtained. The appropriate fee award is, thus, $20,477.75.[3] As for expenses, the court finds the plaintiff's request of $5,903.44 reasonable and will award same.

Conclusion

The court finds that $20,477.75 is a reasonable attorneys' fee award in this case and that $5,903.44 is a reasonable expense award. The plaintiff's motion for attorneys' fees is hereby **GRANTED**. The defendant is directed to remit this payment promptly to the plaintiff. If the

---

[1] This figure represents 33.7 hours minus 4.3 hours ($508.00) of work which the defendant acknowledges could arguably be related to the plaintiff's federal claims.

[2] 25.2 hours x $75.00 = $1890.00, not $1390.00, as set forth by the defendant in an apparent typographical error.

[3] The court is aware that a fifty percent reduction of the figure prior to hourly deductions results in a lesser fee than if the reduction is made after the hourly reductions. The court finds its method of calculation the more appropriate of the two.

plaintiff incurs further expenses on appeal or with subsequent motion practice, the court will entertain a supplemental motion at that time.

**SO ORDERED AND ADJUDGED** this, the 2nd day of September, 2009.

/s/ Neal Biggers

_____

**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**