IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BARBARA WINBORNE                                                              PLAINTIFF

V.                                                   CIVIL ACTION NO. 1:07CV157-B-D

SUNSHINE HEALTH CARE, INC.                                                    DEFENDANT

**<u>ORDER</u>**

This cause comes before the court upon the defendant's motion for judgment as a matter of law or, in the alternative, for a new trial. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

On July 2, 2007, the plaintiff, Barbara Winborne, filed this case against her former employer, defendant Sunshine Health Care, Inc., alleging that the defendant terminated her employment in violation of the Americans with Disabilities Act. The defendant's motion for summary judgment was denied, and the case went to trial on January 20, 2009. The jury returned a verdict for the plaintiff and awarded her $10,000.00 in damages. Arguing that the evidence was insufficient to support the jury's verdict, the defendant now moves for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure and, in the alternative, for a new trial pursuant to Rule 59.

On motions for judgment as a matter of law, "the court should consider all of the evidence – not just that evidence which supports the non-mover's case – but in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cri. 1997). "If there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the

exercise of impartial judgment might reach different conclusions, the motions should be denied...." *Id.*

The court finds that the evidence set forth at the trial of this cause was sufficient to uphold the verdict reached by the jury. It is reasonable to conclude that the defendant perceived the plaintiff as having a disability within the meaning of the ADA. Evidence revealed, for instance, that the director of nursing at Sunshine Health Care did not believe the plaintiff to be capable of performing her job despite the plaintiff's doctor's statements to the contrary. Further evidence showed that Eric Holland, the sole shareholder of Sunshine Health Care, reported the plaintiff to the Mississippi Board of Nursing for negligence and health reasons regarding the perceived disability. The court finds that the plaintiff also sufficiently established that the defendant's reason for her termination was pretextual. The testimony of the director of nursing and of the sole shareholder revealed that the allegations of negligence against the plaintiff regarding a patient who was found hanging from her bed were tenuous at best. Examining the evidence as a whole, the court finds that the jury acted within reason in finding pretext.

The defendant also asserts that the court erred in failing to properly instruct the jury on the plaintiff's burden of proof. The defendant contends that the court should have granted Defendant's Jury Instruction D-4 which purported to instruct the jury on the definition of disability and substantial impairment within the ADA context. The court denied the instruction finding that the subject matter of the instruction was redundant since it was covered in other instructions. The court maintains its position as to this instruction.

"[D]istrict courts have substantial latitude in crafting jury instructions." *Kanida v. Gulf Coast Medical Personnel LP*, 363 F.3d 568, 578 (5th Cir. 2004). The court's refusal to give a

requested instruction is reviewed for abuse of discretion and "constitutes reversible error 'only if the instruction (1) was a substantially correct statement of law, (2) was not substantially covered in the charge as a whole, and (3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the [party's] ability to present a given [claim]." *Id.* (quoting *United States v. McClatchy*, 249 F.3d 348, 353 (5th Cir. 2001)). The court finds that the instruction was substantially covered in the charge as a whole. The court gave extensive instructions of the plaintiff's burden of proof and the nature of the claims alleged. The defendant's argument is unpersuasive.

"[I]t is the function of the jury as the traditional finder of the facts, and not the court, to weigh conflicting evidence and inferences and determine the credibility of witnesses." *Boeing*, 411 F.2d at 375. The court finds in the present case that the evidence is sufficient to support the jury's verdict, and the court will not overturn it. The defendant's motion for judgment as a matter of law shall be denied.

The court also finds that a new trial is not in order. Granting or denying a Rule 59 motion for a new trial is within the sound discretion of the district court, and "[a] trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). A new trial should be granted in situations where the damages awarded were excessive, the trial unfair, or prejudicial error occurred. *Seidman v. American Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991). The court finds none of these situations present here, and the verdict is not against the great weight of the evidence. The motion for a new trial shall be denied.

In accordance with the foregoing analysis, it is **ORDERED AND ADJUDGED** that the defendant's motion for judgment as a matter of law or, in the alternative, for a new trial, should be and the same is hereby **DENIED**.

This, the 15th day of September, 2009.

      */s/ Neal Biggers*
      **NEAL B. BIGGERS, JR.**
      **SENIOR U.S. DISTRICT JUDGE**